UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KASEY LAMOTHE,

                               Plaintiff,

             - against -

ALEC GOLDENBERG, MD,

                             Defendant.

-------------------------------------------------------------------x

:        18 Civ. _____

:        **Complaint**

:        Plaintiff Demands
          Trial by Jury

Plaintiff Kasey LaMothe, by her attorneys McCarthy | Kelly LLP, states and alleges the following upon information and belief:

## THE PARTIES

1.      Plaintiff Kasey LaMothe (hereinafter "plaintiff-pedestrian") was and is a citizen and resident of the County, City and State of New York.

2.      Defendant Alec Goldenberg, MD was and is a citizen and resident of the Bergen County, City of Englewood Cliffs and State of New Jersey.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(c) and 1446(c) as the plaintiff-pedestrian and the defendant are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

4.      Venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. 1391 because plaintiff-pedestrian's claims arise in the Southern District of New York and because defendant is subject to personal jurisdiction in the Southern District of New York.

## AS AND FOR A FIRST
## CAUSE OF ACTION

5.      Plaintiff-pedestrian repeats, reiterates and realleges the allegations set forth in the paragraphs above as if set forth fully herein and at length.

6.      Upon information and belief, that at all times hereinafter mentioned, defendant was and still is the owner of a certain motor vehicle bearing New Jersey State license registration number R159128 (hereinafter "defendant's motor vehicle") and at all times hereinafter mentioned defendant was the operator of the defendant's motor vehicle on March 12, 2018.

7.      That at all times hereinafter mentioned, 2nd Avenue and 35th Street in the County, City and State of New York (hereinafter "place of the accident") were and still are public thoroughfares over and along the streets of which the public has a right to travel.

8.      Prior to and on March 12, 2018, at the time of the within motor vehicle accident, the City of New York had erected, *inter alia*, traffic signals and/or traffic lights, traffic signs, stop signs, turning signs, no turning signs and/or other traffic control devices at the place of the accident.

9.      That at all times herein mentioned and prior to the time of the within motor vehicle accident on March 12, 2018, the City of New York had erected the aforementioned traffic control devices at the place of the accident in order to control the flow of traffic and at the same time the City of New York had enacted ordinances requiring, *inter alia*, (a) motor vehicles to come to a full stop when the traffic light is red; (b) motor vehicles to proceed when the traffic light is green; (c) motor vehicles to not make left turns when a no left turn sign is present; (d) motor vehicles to not make left turns when traffic conditions do not permit such a left turn to be safely made; (e) motor vehicles to always keep a proper lookout for pedestrians; (f) motor vehicles to always allow a pedestrian the right of way; (g) motor vehicles to never enter a crosswalk while a pedestrian is attempting to cross the street in that crosswalk; (h) motor vehicles to always sound

their horn before entering a crosswalk or an intersection while a pedestrian is attempting to cross the street and/or (i) motor vehicles to decrease speed before entering a crosswalk or an intersection while a pedestrian is attempting to cross the street.

10.     On March 12, 2018, at or about 5:36 PM, plaintiff-pedestrian walked across 2nd Avenue in the marked crosswalk with the walk signal illuminated for pedestrians to cross 2nd Avenue at the intersection of 2nd Avenue and 35st Street.  At that time and place, defendant was driving defendant's motor vehicle on 35st Street at or near its intersection with 2nd Avenue in the County, City and State of New York.

11.     On or about the aforementioned date and time, while the plaintiff-pedestrian was within the crosswalk crossing with the walk signal illuminated, walking across 2nd Avenue at or about its intersection with 35st Street, defendant failed to yield to the plaintiff-pedestrian and attempted an improper turn onto 2nd Avenue striking the plaintiff-pedestrian.

12.     On or about the aforementioned date and time, defendant was negligent, careless and reckless in the operation of defendant's motor vehicle while traveling at or about the intersection of 2nd Avenue and 35th Street, *inter alia*, by negligently, carelessly and recklessly attempted an improper turn, failed to yield to the plaintiff-pedestrian and struck the plaintiff-pedestrian as plaintiff-pedestrian was lawfully attempting to cross 2nd Avenue within the crosswalk with the walk signal. Defendant was negligent, careless and reckless while operating defendant's motor vehicle causing a crash between defendant's motor vehicle and the plaintiff-pedestrian, thus causing plaintiff-pedestrian to sustain severe, serious and permanent personal injuries.

13.     On the aforementioned date and time, defendant negligently, carelessly and recklessly failed to stop and/or slow defendant's motor vehicle and negligently, carelessly and

recklessly failed to avoid, evade, avert or prevent the crash between defendant's motor vehicle and the plaintiff-pedestrian, thus causing plaintiff-pedestrian to sustain severe, serious and permanent personal injuries.

14.     The accident and the injuries suffered by plaintiff-pedestrian in the accident were caused wholly and solely by the negligence, carelessness and recklessness of the defendant and were not due to any fault or lack of care on the part of the plaintiff-pedestrian.

15.     That the defendant was negligent, careless and reckless in the ownership, operation, management, maintenance and control of defendant's motor vehicle and defendant's negligence, carelessness and recklessness were in no way due to fault or lack of care on the part of the plaintiff-pedestrian.

16.     That the limitations on liability set forth in Article 16 of the CPLR do not apply as plaintiff-pedestrian's action falls within the exemption set forth in CPLR 1602(6).

17.     That solely by reason of all the foregoing, the plaintiff-pedestrian sustained serious, severe and permanent personal injuries and was rendered sick, sore, lame and disabled with multiple contusions and abrasions in and about diverse parts of her person; experienced extreme pain and suffering and continues to suffer from said injuries; that the plaintiff-pedestrian has been informed and believes that her injuries are of a permanent nature and the plaintiff-pedestrian did seek medical aid, attention and treatment and will be required to do so in the future.

18.     That solely by reason of the foregoing, the plaintiff-pedestrian has sustained a "serious injury" as defined in New York Insurance Law 5102(d) and/or economic loss greater than "basic economic loss" as defined by New York Insurance Law 5102(a).

19.     That solely by reason of the foregoing, the plaintiff-pedestrian has been damaged in the sum of One Million Dollars ($1,000,000).

20.     Plaintiff-pedestrian demands a trial by jury on all issues.

WHEREFORE, plaintiff-pedestrian Kasey LaMothe demands judgment against defendant Alec Goldenberg, MD in the amount of one million dollars ($1,000,000) together with the costs and disbursements of this action.

Dated:  New York, NY
        April 18, 2018

                                          Respectfully submitted,
                                          McCarthy | Kelly LLP

                                   By _____
                                          William P. Kelly
                                          WK 4641
                                          A Member of the Firm
                                          Attorneys for Plaintiffs
                                          52 Duane Street
                                          New York, NY 10007
                                          (212) 732-5040

TO:   Alec Goldenberg, MD
      2 Laurie Drive
      Englewood Cliffs, NJ 07632

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x          WK 4641

KASEY LAMOTHE,                                        :

                          18 Civ. _____

              Plaintiff,                    :

                          RULE 7.1(a) STATEMENT

      - against -                            :

ALEC GOLDENBERG, MD,                          :

           Defendant.                   :
------------------------------------------------------------------x

PURSUANT to Rule 7.1(a) (Formerly Local Civil Rule 1.9) of the Federal Rules Civil

Procedure, in order to enable judges and magistrate judges of the Court to evaluate possible

disqualification or recusal, the undersigned counsel for plaintiffs, a non-governmental party,

certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which

are publicly held: NONE.

Dated:  New York, NY
        April 18, 2018

                                Respectfully submitted,
                                McCarthy | Kelly LLP

                    By _____
                                William P. Kelly
                                WK 4641
                                A Member of the Firm
                                Attorneys for Plaintiffs
                                52 Duane Street
                                New York, NY 10007
                                (212) 732-5040